FILED '06 SEP 21 15:58 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

E. FAY CARROLL,

        Plaintiff,

   v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.

Civ. No. 06-6014-AA

OPINION AND ORDER

Kathryn Tassinari
Drew L. Johnson, P.C.
1700 Valley River Drive, First Floor
Eugene, OR 97401
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

1 - OPINION AND ORDER

David J. Burdett
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff E. Fay Carroll brings suit under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner to dismiss her application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act (the Act). Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction, because plaintiff did not exhaust her administrative remedies and no final decision was rendered to confer jurisdiction to this court.  Defendant's motion is denied.

BACKGROUND

Plaintiff applied for SSI benefits in April 1992, and was denied.  Def. Mem. Ex. 1.  On June 20, 1992, plaintiff filed a Request for Reconsideration.  Pl. Resp. Ex. C.  Defendant indicated that plaintiff did not appeal the initial determination, but did not submit a Reply.  Def. Mem. at 2, Declaration of Dennis V. Ford at 3.  Plaintiff was not represented by counsel when the 1992 Request was made.  See Pl. Resp. Ex. C.

Plaintiff reapplied for SSI benefits in November 1998, and the Commissioner found she was disabled and awarded benefits as of November 1, 1998.  Id. Ex. 2.  On July 28, 1999, plaintiff, with the assistance of counsel, filed a Request for Reconsideration of

2 - OPINION AND ORDER

her 1992 application pursuant to Social Security Ruling 91-5p (SSR 91-5p), which allows extension of time to request review for good cause if claimant suffered from mental incapacity and lacked representation. Pl. Resp. Ex. E. Plaintiff's Request for Reconsideration was denied, and plaintiff thereafter requested a hearing before an administrative law judge (ALJ), stating that the application was subject review under the holding of <u>Evans v. Chater</u>, 110 F.3d 1480 (9th Cir. 1997) (exception allows review of request for reconsideration where petitioner makes colorable claim implicating violation of due process rights). <u>Id.</u> Ex. F.

The ALJ denied plaintiff's hearing request on March 30, 2001, and issued a Notice and Order of Dismissal. <u>Id.</u> Ex. G. Plaintiff appealed the ALJ's decision, and on December 3, 2001, the Appeals Council found no basis to review the Order of Dismissal. <u>Id.</u> Ex. H, I. However, the Appeals Council remanded the case to the field office to determine if there was good cause to reopen plaintiff's 1992 application under SSR 91-5p. <u>Id.</u> Ex. I.

On May 30, 2003, the Commissioner again issued a Notice finding plaintiff disabled as of November 1, 1998. Def. Mem. Ex. 6. Plaintiff again requested review, and the ALJ again issued a Notice and Order of Dismissal on September 20, 2005, finding that plaintiff had no right to a hearing on a denial of a Request for Reconsideration. Pl. Resp. Ex. J. In a footnote, ALJ Madden also found that plaintiff failed to establish that SSR 91-5p applied.

3 - OPINION AND ORDER

Id. On November 29, 2005, the Appeals Council then denied plaintiff's request for review, finding no basis for review of the decision. Def. Mem. Ex. 8. On January 24, 2006, Plaintiff filed this action.

## DISCUSSION

The Commissioner moves for dismissal of plaintiff's claim on the ground that this Court lacks jurisdiction under the Act to review actions of the Commissioner absent a final decision made after a hearing.

"Judicial review of claims arising under Title II or Title XVI of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g)." Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001). According to the Supreme Court, § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977); see also Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993) ("Section 405(g) requires an SSI claimant to obtain a final judgment from the Secretary before seeking judicial review."). Decisions to reopen prior, final benefits decisions are discretionary and do not constitute final decisions subject to judicial review under § 405(g). Sanders, 430 U.S. at 107-08; see also Evans v. Chater, 110 F.3d at 1482.

There is, however, "an exception 'where the petition to reopen is challenged on constitutional grounds.'" Udd v. Massanari, 245

4 - OPINION AND ORDER

F.3d 1096, 1099 (9th Cir. 2001) (quoting Sanders, 430 U.S. at 109). "The Sanders exception applies to any colorable claim of due process violation that implicates a due process right . . . to seek reconsideration of an adverse benefits determination." Evans, 110 F.3d at 1483 (internal citations omitted). A colorable claim is one that is not "wholly insubstantial, immaterial, or frivolous." Boettcher v. Sec'y of Health & Human Servs., 759 F.2d 719, 722 (9th Cir. 1985).

Here, plaintiff alleges that she was denied due process because she was mentally incapacitated when her first claim was denied and was not represented by counsel during relevant times. To support her claims of mental disability, plaintiff submitted the Order from her 1992 application for Medicaid, Pl. Resp. Ex. A, and a letter from Linn County Crisis and Medical Services, Id. Ex. K. Plaintiff's Request for Reconsideration indicates that she was not represented by counsel. Id. Ex. C.

"Where a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits, he has asserted a colorable constitutional claim," and the court has jurisdiction to consider the merits of the claim. Udd, 245 F.3d at 1099 (citing Evans, 110 F.3d at 1483) (adding that lack of representation is not essential to the decision). Therefore, plaintiff asserts a colorable constitutional claim, and as a

5 - OPINION AND ORDER

result, this court has jurisdiction to review the merits of plaintiff's complaint.

CONCLUSION

Defendant's Motion to Dismiss (doc. 8) is DENIED.

IT IS SO ORDERED.

Dated this 21 day of September, 2006.

/s/ Ann Aiken<br>
Ann Aiken<br>
United States District Judge

6 - OPINION AND ORDER