IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


E. FAY CARROLL,                                           Civ. No. 06-6014-AA

               Plaintiff,                                 OPINION AND ORDER

       v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

               Defendant.
_____

Kathryn Tassinari
Drew L. Johnson, P.C.
1700 Valley River Drive, First Floor
Eugene, OR 97401
       Attorney for plaintiff

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902


1 - OPINION AND ORDER

David J. Burdett
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff E. Fay Carroll brought suit under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner to dismissing her Request for Reconsideration to reopen her 1992 application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act (the Act).  For the reasons explained below, the decision of the Commissioner is AFFIRMED.

BACKGROUND

Plaintiff applied for SSI benefits in April 1992, and on May 22, 1992, her claim was denied.  Plaintiff was not represented by counsel.  According to the Commissioner, plaintiff did not exhaust administrative remedies with respect to the denial of her 1992 application.

Plaintiff reapplied for SSI benefits in November 1998, and on May 28, 1999, the Social Security Administration (SSA) found plaintiff disabled and awarded benefits as of November 1, 1998.

On July 28, 1999, plaintiff's counsel filed a Request for Reconsideration and sought to reopen her 1992 application for SSI benefits pursuant to Social Security Ruling 91-5p (SSR 91-5p), which allows extension of time to request review if the claimant suffered from mental incapacity and lacked representation at the

2 - OPINION AND ORDER

time of the adverse decision.

On March 4, 2000, the SSA dismissed plaintiff's Request for Reconsideration, stating that the time to appeal the denial of her 1992 application would not be extended.  On March 14, 2000, plaintiff requested a hearing before an administrative law judge (ALJ), stating that the dismissal of her Request for Reconsideration and reopening of her 1992 claim was subject to review under SSR 91-5p and Evans v. Chater, 110 F.3d 1480 (9th Cir. 1997).

On March 30, 2001, the ALJ denied plaintiff's hearing request and issued a Notice and Order of Dismissal.  Plaintiff appealed the ALJ's decision, and on December 3, 2001, the Appeals Council found no jurisdictional basis to review the Order of Dismissal.  However, the Appeals Council remanded the case to determine if there was good cause to reopen plaintiff's 1992 application under SSR 91-5p.

On May 30, 2003, the SSA again found plaintiff disabled as of November 1, 1998.  Plaintiff requested review, and the ALJ issued a Notice and Order of Dismissal on September 20, 2005, finding that plaintiff had no right to a hearing on a denial of a Request for Reconsideration.  In a footnote, the ALJ also found that plaintiff failed to establish that SSR 91-5p applied.

On November 29, 2005, the Appeals Council denied plaintiff's request for review, finding no basis to review the ALJ's decision. On January 24, 2006, plaintiff filed this action.

3 - OPINION AND ORDER

DISCUSSION

Plaintiff argues that the ALJ erred in dismissing her Request for Reconsideration, that her 1992 claim should be reopened, and that the evidence of record establishes disability as of 1992. Whether plaintiff is disabled within the meaning of the Act, however, is not a question before this court.

Previously, the Commissioner moved for dismissal of plaintiff's claim on the ground that this court lacks jurisdiction under the Act to review actions of the Commissioner absent a final decision made after a hearing. I denied the motion, finding that plaintiff had asserted a "colorable" constitutional due process challenge to the dismissal of her Request for Reconsideration. Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001); Evans v. Chater, 110 F.3d 1480, 1482 (9th Cir. 1997). However, I did not find that plaintiff's due process rights were violated or that she was entitled to the reopening of her 1992 application. The only finding I made was that plaintiff asserted a "colorable" claim sufficient to defeat the Commissioner's motion to dismiss, and that this court had jurisdiction to consider her claim. See Evans, 110 F3.d at 1483. Thus, the question now before me is whether evidence offered by plaintiff establishes good cause to reopen her 1992 application and extend the time to appeal.

"No constitutional violation will have occurred if substantial evidence supports the ALJ's decision at the 91-5p hearing." Evans,

110 F.3d at 1483.   "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."   <u>Flaten v. Sct'y of Health and Human Servs.</u>, 44 F.3d 1453, 1457 (9th Cir. 1995).   Upon review of the record, I find that substantial evidence supports the dismissal of plaintiff's Request for Reconsideration.

Under SSR 91-5p, if a claimant presents evidence that she lacked representation and that her mental incapacity prevented the making of a timely request for review of an adverse determination, the SSA "will determine whether or not good cause exists for extending the time to request review."   <u>Udd</u>, 245 F.3d at 1099 (quoting SSR 91-5p).   "The claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review."   <u>Id.</u>   In making this determination, four factors are considered:  1) the inability to read or write; (2) the lack of facility with the English language; 3) limited education; and 4) any mental or physical condition which limits the claimant's ability to do things for him or herself.   <u>Id.</u>; <u>Udd</u>, F.3d at 1099.   If the claimant establishes mental incapacity, the Commissioner shall toll the relevant time limits "regardless of how much time has passed since the prior administrative action" and "take the action which would have been appropriate had the claimant filed a timely request for review."

Udd, 245 F.3d at 1099-1100 (quoting SSR 91-5p).

To support her claim of mental incapacity, plaintiff does not assert that she is unable to read or write, that she is unfamiliar with the English language, or that she has an extremely limited education. Rather, plaintiff claims that her mental impairments limited her ability to perform daily activities. Tr. 152. Plaintiff also relies on a 1992 determination by the Department of Human Resources finding plaintiff eligible for Medicaid, because plaintiff had "marked difficulty concentrating and completing tasks on time" and was "completely dysfunctional in a work setting requiring completion of tasks in an assigned manner." Tr. 154, 157.

Again, the issue before the court is whether plaintiff has established, through evidence of mental incapacity, good cause to extend the time for appealing the denial of her 1992 claim for benefits. Even if plaintiff was limited by her mental impairments in 1992, the record does not reflect or support plaintiff's claim that mental incapacity rendered her unable to understand the relevant appeal requirements.

For example, in 1992 plaintiff was diagnosed with Post-Traumatic Stress Disorder, mixed personality traits, anxiety, and depression. Tr. 162-63. However, the psychiatric report gives no indication of mental incapacity and instead notes that plaintiff "shows good judgment in response to questions requiring sound

6 - OPINION AND ORDER

decision making."   Tr. 162.   In a January 1992 psychiatric assessment, plaintiff was described as having an average intellect. Tr. 160.   In a November 1992 evaluation, plaintiff showed no sign of formal thought disorder, had "average verbal intelligence," and "could reach logical and coherent conclusions."  Tr. 148.  Finally, at her administrative hearing in this case, plaintiff stated that her husband took care of the paperwork and had she known about the denial of her 1992 claim, she would have appealed.  Tr. 258.

In sum, I find that plaintiff fails to establish good cause to extend the time to appeal the denial of her 1992 application for SSI benefits.

CONCLUSION

For the reasons explained above, the decision of the Commissioner is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this  3  day of July, 2007.

                              /s/ Ann Aiken
                               Ann Aiken
                     United States District Judge

7 - OPINION AND ORDER